IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Allen Hartman,<br><br>            Plaintiff,<br><br>vs.<br><br>United States Customs and Border Protection, et al.,<br><br>            Defendants. | No. CV 14-2090-TUC-DCB (CRP)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

Defendants have filed a Partial Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) ("MTD"). (Doc. 12). This matter has been referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for a Report and Recommendation. (Doc. 11). Based on the agreement of counsel, the Magistrate Judge heard this matter in Chambers on June 25, 2015. Plaintiff's counsel appeared by phone and Defendants' counsel appeared in person. Plaintiff was present during a portion of the proceedings in Chambers.[1]

For the reasons that follow, the Magistrate Judge recommends that the District Court grant in part and deny in part Defendants' Partial Motion to Dismiss with leave to file an

---

[1] Counsel for the United States Customs and Border Protection agency also was present during the in Chambers discussion.

1 Amended Complaint.  The Magistrate Judge enters an Order setting deadlines for further
2 proceedings in this case.

3 **I.     Plaintiff's Complaint**

4       This action arises from an initial incident on April 11, 2011 when Plaintiff allegedly
5 was physically injured during an encounter with federal agents in Nogales, Arizona. Plaintiff
6 has named as defendants United States Customs and Border Protection ("CBP"), United
7 States Immigration and Customs Enforcement ("ICE"), United States Department of
8 Homeland Security ("DHS"), the United States of America, and Unknown Named Agents
9 John Does 1-10 of the CBP or ICE.  Plaintiff has asserted nine claims for relief in the
10 Complaint ("Compl."): (1) unreasonable seizure in violation of the Fourth Amendment to the
11 United States Constitution against unknown named federal agents based on *Bivens v. Six*
12 *Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (First Cause of
13 Action); (2) excessive force in violation of the Fourth Amendment against unknown named
14 federal agents based on *Bivens* (Second Cause of Action); violation of due process under the
15 Fifth Amendment against unknown named agents based on *Bivens* (Third Cause of Action);
16 battery in violation of Arizona law against Defendant United States based on the Federal Tort
17 Claims Act ("FTCA") (Fourth Cause of Action); assault in violation of Arizona law against
18 the United States based on the FTCA (Fifth Cause of Action); law enforcement misconduct
19 based on 42 U.S.C. § 1983 (Sixth Cause of Action); failure to train, supervise and ratification
20 based on § 1983 (Seventh Cause of Action); violation of the Fourteenth Amendment under
21 § 1983 (Eighth Cause of Action); and a claim for punitive damages under Arizona law (Ninth
22 Cause of Action) (Compl., ¶¶ 61-92).

23       Under the heading "General Allegations Re: Incident of April 11, 2011" set forth in
24 the Complaint, Plaintiff alleges that on April 11, 2011, while en route to a convenience store
25 as a passenger in a car driven by a friend, he exited the vehicle intending to walk north
26 because the vehicle was about to cross the international border with traffic into Nogales,
27 Sonora, Mexico.  (*Id*., ¶¶ 9-19).  At the time, Plaintiff, an American citizen and Arizona
28 resident, was on probation in Arizona and would violate his probation conditions if he left

1 the United States without his Probation Officer's consent. (*Id*., ¶¶ 5, 17). He alleges that
2 immediately after exiting the vehicle, he was surrounded by approximately eight agents of
3 Defendant CBP or Defendant ICE who "yelled" at him "to re-enter the vehicle and cross into
4 Mexico." (*Id*., ¶¶ 20-21). Plaintiff attempted to explain the situation to the agents and ask
5 for a supervisor "when an unknown agent of Defendant CBP or Defendant ICE later
6 identified to [Plaintiff] only as 'Agent Terry' suddenly, unexpected, and violently tackled
7 him from behind and knocked him onto the side of a bus." (*Id*., ¶¶ 21-22). Plaintiff asserts
8 that these actions by "Agent Terry" were done both "intentionally and without any
9 provocation" and "negligently and without any provocation." (*Id*., ¶¶ 23-24).

10 Plaintiff received medical treatment from the Nogales Fire Department Emergency
11 Medical Technicians at the DeConcini Port of Entry for injuries that included avulsion to his
12 right eyelid, left rib pain, and loss of short-term memory. (*Id*., ¶¶ 29-30). Plaintiff was
13 transported to the Carondelet Holy Cross Hospital and treated for neck and back pain, an
14 irregular forehead laceration, and a chipped tooth. (*Id*., ¶¶ 31-32). A CT scan of Plaintiff's
15 head revealed "'right periorbital soft tissue swelling and scalp laceration'" and "'deformity
16 of the right zygomatic arch.'" (*Id*., ¶ 33). Plaintiff was released from the hospital during the
17 early morning hours of April 12, 2011. (*Id*., ¶ 34). He briefly returned to the hospital that
18 evening regarding complaints of a severe headache, loss of memory, episodes of vomiting
19 and diarrhea, and continued generalized pain. (*Id*., ¶¶ 35-39). On April 16, 2011, Plaintiff
20 was treated at the hospital emergency room complaining of "episodes of 'passing out,
21 hearing stuff wrong, not seeing right, forgetting things, body hurts'" and similar conditions.
22 (*Id*., ¶¶ 40-43). Plaintiff allegedly was diagnosed with "'post-concussive syndrome'" and
23 "'mild dehydration.'" (*Id*., ¶ 44).

24 Under the heading "General Allegations Re: Incident of April 12, 2012," Plaintiff
25 alleges that these latter conditions continued after the April 11, 2011 incident and that on
26 April 12, 2012, while riding his motorcycle with friends, he experienced a loss of
27 consciousness and lost control of his motorcycle. (*Id*., ¶¶ 50-51). Plaintiff alleges that the
28 resulting motorcycle crash caused the fuel tank to break and burst into flames and that he

- 3 -

1 sustained significant injuries, including severe burns to his right hand and knee and lung
2 damage. (*Id*., ¶¶ 51-54). Plaintiff was hospitalized and remained in a coma for four months,
3 received rehabilitation treatment for two months, and underwent reconstructive surgeries on
4 his hand and leg. (*Id*., ¶¶ 55-58). Plaintiff alleges that the April 12, 2012 accident "was
5 directly related to the neurological/brain injury suffered on April 11, 2011" which "left him
6 experiencing episodes of loss of consciousness" and this is what occurred on April 12, 2012.
7 (*Id*., ¶¶ 59-60).

## II.     Defendants' Partial Motion to Dismiss

Defendants seek dismissal of all claims except the Fourth Cause of Action, of all defendants except the United States, and of the "general allegations" related to the April 12, 2012 incident. Defendants cite Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and other authority. Plaintiff has filed a Response ("Resp.") that opposes dismissal as to the April 12, 2012 allegations but otherwise concedes dismissal of all claims except the Fourth Cause of Action and of all defendants except the United States. (Doc. 20, Resp.). Defendants have filed a Reply. (Doc. 21).

## III.    Standards of Review

A motion under Rule 12(b)(1) can be a facial or factual jurisdictional attack. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge asserts that the complaint on its face does not allege facts that would invoke federal jurisdiction. *Id.* The facts alleged are presumed true in a facial challenge. *Doe v. Holy See,* 557 F.3d 1066, 1073 (9th Cir. 2009). A factual challenge disputes the veracity of the complaint's allegations that would, if true, invoke federal jurisdiction. *Safe Air*, 373 F.3d at 1039. When considering a factual challenge, the court may consider matters outside the pleadings to determine subject matter jurisdiction. *Id.* Once a defendant presents evidence that there is a lack of subject matter jurisdiction, the plaintiff has the burden to present affidavits or other evidence necessary to establish that jurisdiction actually exists. *Id.*

"'To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

Case 4:14-cv-02090-DCB   Document 22   Filed 06/30/15   Page 5 of 11

1  face;' that is, plaintiff must 'plead[ ] factual content that allows the court to draw the
2  reasonable inference that the defendant is liable for the misconduct alleged.'" *Telesaurus*
3  *VPC, LLC. v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S.
4  662, 678 (2009)); *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
5  2009) (to defeat a motion to dismiss, the "non-conclusory 'factual content,' and reasonable
6  inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff
7  to relief."). Dismissal under Rule 12(b)(6) can be based on the "lack of a cognizable legal
8  theory or the absence of sufficient facts alleged under a cognizable legal theory."
9  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011).

10  "[T]he tenet that a court must accept as true all of the allegations contained in a
11  complaint..." does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678; *see also*
12  *Telesaurus*, 623 F.3d at 1003 (pleadings that are no more than legal conclusions "'are not
13  entitled to the assumption of truth.'" (quoting *Iqbal*, 556 U.S. at 679). Thus "[t[hreadbare
14  recitals of the elements of a cause of action, supported by mere conclusory statements, do not
15  suffice." *Iqbal*, 556 U.S. at 678. The court "cannot assume any facts necessary to [the
16  plaintiffs']...claim that they have not alleged." *Jack Russell Terrier Network of Northern*
17  *Calif. v. American Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).

18  The court will assume "' well-pleaded factual allegations,' ...to be true, 'and then
19  determine whether they plausibly give rise to an entitlement to relief.'" *Telesaurus*, 623 F.3d
20  at 1003 (quoting *Iqbal*, 556 U.S. at 679); *see also Iqbal*, 556 U.S. at 678 ("A claim has facial
21  plausibility when the plaintiff pleads factual content that allows the court to draw the
22  reasonable inference that the defendant is liable for the misconduct alleged."). "The
23  plausibility standard is not akin to a 'probability requirement,' but it asks for more than a
24  sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.
25  Determining plausibility is a "context-specific task..." that requires the court to "draw on its
26  judicial experience and common sense." *Id*. at 679. A complaint cannot survive dismissal
27  where the court can only infer that a claim is merely possible rather than plausible. *Id*. The
28

1  court construes the pleading in the light most favorable to the party opposing the motion and
2  resolves all doubts in the pleader's favor. *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010).
3  **IV.    Discussion**.

**A.    Plaintiff's Three *Bivens* Claims**

Defendants move to dismiss the First through Third Causes of Action based on *Bivens* as time-barred. (MTD at 4-5). As Defendants correctly argue, in Arizona, a *Bivens* claim must be asserted within two years of its accrual. *See Ramage v. United States*, No. CIV 14-2132-TUC-CKJ, 2014 WL 4702288, at *6 (D. Ariz. Sept. 22, 2014).[2] Federal law is applied to determine when a *Bivens* claim accrues but tolling provisions for *Bivens* claims are borrowed from the forum state. *Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir. 2002). "A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury" which is the basis of the action. *Western Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

Accepting the Complaint's factual allegations as true, Plaintiff's alleged unlawful search and seizure and resulting physical injuries occurred on April 11, 2011, the date of the initial incident and Plaintiff's receipt of medical treatment. Because Plaintiff knew of the incident and his injuries, he had a complete and present cause of action as of that date. The filing of the Complaint some three years later on May 15, 2014 is beyond the limitations period. Plaintiff concedes the issue as he has admitted that the first three causes of action should be dismissed because the cited personal injury statute of limitations properly applies to the *Bivens* claims. (Resp. at 1-2). Plaintiff has not alleged in the Complaint and does not argue in his Response that the delay in filing suit should be excused by circumstances of tolling. It is recommended that the first three causes of action should be dismissed.[3]

---

[2] The statute of limitations for a *Bivens* action is based on the forum state's personal injury statute. *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991). In Arizona, the statute of limitations for personal injury actions is two years. Ariz. Rev. Stat. § 12-542.

[3] Defendants additionally argue that the Third Cause of Action based on *Bivens* asserting a violation of the Fifth Amendment should be dismissed because the claim is more

- 6 -

### B. Plaintiff's Assault Claim Under the FTCA

Plaintiff's Fifth Cause of Action is a claim of assault based on a violation of the FTCA. The FTCA grants the federal court jurisdiction to hear claims for certain torts allegedly caused by the negligent or wrongful act or omission of any federal employee acting within the scope of his office or employment. 28 U.S.C. § 1346(b). Under the FTCA, liability is assessed "in accordance with the law of the place where the act ... occurred." 28 U.S.C. § 1346(b)(1). Defendants contend that under Arizona law, "[a] person commits the tort of assault if he acts with intent to cause another harmful or offensive contact or apprehension thereof, and the other person apprehends imminent contact." (MTD at 7, citing *Garcia v. United States*, 826 F.2d 806, 810 n.9 (9th Cir. 1987)). Defendants argue that the Complaint's allegations are insufficient because the only person alleged to have manifested an intent to cause Plaintiff such harmful or offensive contact was "Agent Terry" but the Complaint "specifies that Plaintiff never apprehended imminent contact from 'Agent Terry'" who allegedly attacked Plaintiff "suddenly" and "unexpected[ly]... from behind...." (MTD at 7, citing Compl., ¶ 22). In his Response, Plaintiff agrees that the Fifth Cause of Action should be dismissed because it fails to state a claim for assault, citing the *Restatement (Second) of Torts* §§ 13-20, Ariz. Rev. Stat. § 13-1203(A)(1) and *Garcia*, 826 F.2d at 810, n.9. (Resp. at 2). Based on Plaintiff's concession, it is recommended that the Fifth Cause of Action should be dismissed.

### C. Plaintiff's Three § 1983 Claims

Defendants contend that Plaintiff's Sixth through Eighth Causes of Action are untenable as based on § 1983 because the Complaint brings allegations against a federal official acting under color of federal law. (MTD at 8). To state a claim for relief under § 1983, Plaintiff must allege a deprivation of a right secured by the Constitution and laws of the United States and that the deprivation was committed by a person acting under color of

---

properly based on a violation of the Fourth Amendment. (MTD at 6-7). Based on Plaintiff's concession that the *Bivens* claims should be dismissed, the Court recommends that it is not necessary to consider Defendants' additional argument.

state law. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). Plaintiff's Complaint does not allege any instance of state action involving a state official. Plaintiff agrees that his § 1983 claims are improper and should be dismissed. (Resp. at 2). It is recommended that Plaintiff's Sixth, Seventh and Eighth Causes of Action should be dismissed.[4]

### D. Plaintiff's Claim for Punitive Damages

Defendants contend that the Ninth Cause of Action should be dismissed because Plaintiff is not entitled to an award of punitive damages. Defendants argue that the punitive damages claim is derivative of Plaintiff's *Bivens* and § 1983 claims, which are deficient and subject to dismissal, and that punitive damages are not available in an FTCA suit. (MTD at 8). Based on the recommended dismissal of Plaintiff's *Bivens* claims, his § 1983 claims and his FTCA assault claim, Plaintiff's only remaining claim is his Fourth Cause of Action based on battery under the FTCA. The United States is not liable for punitive damages in an FTCA suit. 28 U.S.C. § 2674. Plaintiff concedes the dismissal of his punitive damages claim as not available in an FTCA case. (Resp. at 2). The Ninth Cause of Action should be dismissed.

### E. Dismissal of All Defendants Except the United States

Defendants move to dismiss all defendants except the United States because the only remaining claim in the Complaint is the FTCA battery claim. (MTD at 10-11). The only proper party defendant in an FTCA case is the United States. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). Plaintiff agrees that Defendants DHS, CBP, ICE and all individual defendants should be dismissed from this lawsuit. (Resp. at 3). It is recommended that these defendants should be dismissed from this case.

---

[4] Defendants additionally contend that the § 1983 causes of action should be dismissed because the same statute of limitations and claim accrual principles apply to them as apply to the *Bivens* claims. (MTD at 8, n. 1). Arizona's two-year statute of limitations for personal injury cases applies to § 1983 claims. *See TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing Ariz. Rev. Stat. § 12-542). It is unnecessary to consider this argument in light of the recommended ruling that the § 1983 claims should be dismissed as untenable.

- 8 -

### F. Dismissal of "General Allegations Re: Incident of April 12, 2012;" Leave to Amend

Defendants argue that the "general allegations" concerning the April 12, 2012 motorcycle crash should be dismissed from the Complaint because Plaintiff has not alleged any cognizable legal theory under which any Defendant bears responsibility for the resulting injuries. (MTD at 9). Defendants contend that Plaintiff's allegations that he lost consciousness after the initial events and that the motorcycle crash approximately one year later on April 12, 2012 "'was directly related to the neurological/brain injury suffered on April 11, 2011'" are not sufficient. (*Id*.). Plaintiff opposes dismissal of the "general allegations" related to the April 12, 2012 incident, contending that the allegations satisfy the requirements of Fed.R.Civ.P. 8(a) and Defendants are attempting to compel Plaintiff to meet a "heightened pleading" standard applicable to causes such as fraud under Fed.R.Civ.P. 9(b). (Resp. at 3-5). Plaintiff alternatively contends that he should be allowed to file an amended complaint if the Court determines that the "general allegations" related to the April 12, 2012 incident are insufficient. (Resp. at 5-7). Defendants argue in their Reply that if Plaintiff is allowed to amend, Plaintiff should be required to eliminate any irrelevant allegations, causes of action, and prayers for relief which he no longer is pursuing or to which he is not entitled. (Reply at 3).

During the Court's discussion with counsel, counsel for the parties agreed that Plaintiff should be allowed to file an amended complaint. Any amended complaint that Plaintiff may file should omit irrelevant allegations, dismissed causes of action, and irrelevant prayers for relief consistent with this Report and Recommendation.

The general allegations language objected to by the United States regards whether Plaintiff can prove a causal connection between the head injury suffered in April 2011 and the blackout while riding a motorcycle in April 2012. The government says this is not plausible. Plaintiff says it is properly alleged.

Without question, establishing proximate cause between the battery and the motorcycle accident will require expert medical testimony. Just as lay testimony cannot

1  make that causal connection, it is not clear to this Court that lay opinion can say that it is
2  implausible. Nonetheless, the resolution of this issue has significant impact on case
3  management and early case evaluation. Therefore, pursuant to Rule 1 and Rule 26(a)(2)(D)
4  of the Federal Rules of Civil Procedure, the Court will order expedited disclosure by Plaintiff
5  of expert opinion establishing the causal link between the battery and the motorcycle
6  accident. That disclosure must fully comply with Rule 26(a)(2) of the Federal Rules of Civil
7  Procedure and be delivered to defense counsel no later than Wednesday, September 16, 2015.
8       The Court therefore will set deadlines for further proceedings in the case.

**RECOMMENDATION**

For the foregoing reasons, the Magistrate Judge recommends that the District Court after its independent review:

(1) grant in part and deny in part Defendants' Partial Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) (Doc. 12);

(2) grant Defendants' Partial Motion to Dismiss as to the First through Third and Fifth through Ninth Causes of Action and these claims should be dismissed with prejudice;

(3) grant Defendants' Partial Motion to Dismiss as to all Defendants except the United States of America and dismiss from this case United States Customs and Border Protection, United States Immigration and Customs Enforcement, United States Department of Homeland Security, and Unknown Named Agents John Does 1-10; and

(4) deny Defendants' Partial Motion to Dismiss as to the "General Allegations Re: Incident of April 12, 2012" with leave to refile after September 16, 2015.

Pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure and LRCiv 7.2(e) of the Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **Fourteen (14) Days** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **Fourteen (14) Days** after being served with a copy.

Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 14-2090-TUC-DCB**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**IT IS ORDERED:**

(1) Plaintiff shall have until **July 24, 2015** to file an Amended Complaint;

(2) Defendant United States shall have until **August 17, 2015** to file an Answer, Response, or Motion to Strike;

(3) Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Scheduling Conference will be held on **Tuesday, September 22, 2015 at 11:00 a.m.,** with a formal Order setting the Scheduling Conference to be issued. The parties shall file a Joint Case Management Plan by **Tuesday, September 15, 2015**;

(4) Plaintiff shall disclose to Defense Counsel an expert opinion establishing the causal link between the battery and the motorcycle accident in compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure no later than **Wednesday, September 16, 2015**.

DATED this 30th day of June, 2015.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE