WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Allen Hartman,<br><br>    Plaintiff,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-14-02090-TUC-DCB (BGM)<br><br>**REPORT AND RECOMMENDATION** |

Currently pending before the Court is Defendant United States of America's Motion for Partial Summary Judgment on Plaintiff's Motorcycle Accident Claims (Doc. 52). Plaintiff has not filed a response. Defendant has also filed a Notice of No Oppositon [sic] to Defendant's Motion for Partial Summary Judgment [Doc. 52] and Defendant's Motion for Summary Disposition (Doc. 57).

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Government's motion for summary disposition (Doc. 57) and grant its motion for partial summary judgment (Doc. 52).

I.     **FACTUAL BACKGROUND**

Plaintiff's Second Amended Complaint (Doc. 62) asserts a battery claim under the Federal Tort Claims Act.[1]  *See* Order 3/23/2016 (Doc. 59) at 1–2.  The battery allegedly occurred on April 11, 2011, in the traffic lanes at the DeConcini Port of Entry in Nogales, Arizona.  *See* Pl.'s Second Amended Compl. (Doc. 62) at 2–6.  Plaintiff further asserts a claim for damages arising from an April 12, 2012 motorcycle accident.  *Id.* at 7–8.  Plaintiff alleges that he experiences "episodes of 'passing out, hearing stuff wrong, not seeing right, and forgetting things'" since the April 11, 2011 incident.  *Id.* at ¶¶ 53–54.  Plaintiff further alleges that such an episode resulted in the loss of control of his motorcycle causing the alleged injuries he suffered in the crash.  *Id.* at ¶¶ 55–66.  As such, Plaintiff asserts that the motorcycle crash "was a direct and proximate result of the injuries he suffered on April 11, 2011."  *Id.* at ¶ 57.

On October 7, 2014, Defendant United States of America filed a Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 12).  Defendant sought to have, *inter alia*, Plaintiff's "general allegations" regarding the April 12, 2012 motorcycle accident dismissed.  Def.'s Partial Motion to Dismiss (Doc. 12) at 9–10.  In considering this issue, the Magistrate Judge stated:

> Without question, establishing proximate cause between the battery and the motorcycle accident will require expert medical testimony.  Just as lay

---

[1] The Government's motion refers to the First Amended Complaint; however, Defendant's subsequent Motion to Strike Portions of Defendant's First Amended Complaint (Doc. 30) and Plaintiff's agreement thereto resulted in the filing of Plaintiff's Second Amended Complaint (Doc. 62).  *See* Order 3/23/2016 (Doc. 59).  Relevant to the motion for summary judgment, Plaintiff's Second Amended Complaint does not differ materially to its previous iteration.  *See id.*  As such, for purposes of this Order the Court will rely on Plaintiff's Second Amended Complaint (Doc. 62).

> testimony cannot make that causal connection, it is not clear to this Court that lay opinion can say that it is implausible. Nonetheless, the resolution of this issue has significant impact on case management and early case evaluation. Therefore, pursuant to Rule 1 and Rule 23(a)(2)(D) of the Federal Rules of Civil Procedure, the Court will order expedited disclosure by Plaintiff of expert opinion establishing the causal link between the battery and the motorcycle accident. That disclosure must fully comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure and be delivered to defense counsel no later than Wednesday, September 16, 2015.

Report & Recommendation 6/30/2015 (Doc. 22) at 10. The Magistrate Judge recommended denial of "Defendants' Partial Motion to Dismiss as to the 'General Allegations Re: Incident of April 12, 2012' with leave to refile after September 16, 2015." *Id.* Neither party having objected, on September 30, 2015, the Honorable David C. Bury entered his Order adopting the Report and Recommendation. Order 9/30/2015 (Doc. 38).

On September 15, 2015, Plaintiff's filed his First Motion to Extend Time for Disclosure of Plaintiff's Expert Witnesses, Opinions, and Reports (Doc. 31). In his motion, Plaintiff sought additional time to disclose an expert witness "establishing the causal link between the battery of April 11, 2011, and the motorcycle accident of April 12, 2012[.]" Pl.'s First Motion to Extend Time (Doc. 31) at 1. On September 24, 2015, the Magistrate Judge denied Plaintiff's request finding that "Plaintiff has not stated good cause for an extension of time to retain a medical expert to establish the causal link between the two incidents." Order 9/24/2015 (Doc. 36) at 2.

. . .

. . .

. . .

## II. STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986), "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Thus, factual disputes that have no bearing on the outcome of a suit are irrelevant to the consideration of a motion for summary judgment. *Id.* In order to withstand a motion for summary judgment, the nonmoving party must show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Moreover, a "mere scintilla of evidence" does not preclude the entry of summary judgment. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The United States Supreme Court also recognized that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007).

. . .

. . .

. . .

## III. ANALYSIS

### A. *Summary Disposition*

In light of Plaintiff's failure to an opposition, Defendant seeks a "summary ruling with respect to its Motion for Partial Summary Judgment." Def.'s Mot. for Summ. Dispo. (Doc. 57) at 1. Defendant relies on Local Rule 7.2(i)[2] as authority for this Court to summarily enter partial judgment in its favor. Def.'s Mot. for Summ. Dispo. (Doc. 57) at 2. It is well established Ninth Circuit law, however, that "[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with Rule 56, [and] hence impermissible under Rule 83." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). As the *Henry* court recognized, LR Civ. 11(i), a predecessor to the current LRCiv. 7.2(i), "does not *require* the court to grant a motion for summary judgment when the non-moving party fails to file and/or serve its opposition thereto." *Henry*, 983 F.2d at 950 (emphasis in original). The district court has discretion "to determine whether non-compliance should be deemed consent to a given motion." *Id.* "That discretion, however, is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Id.* As such, summary disposition is in appropriate for a motion for summary judgment and Defendant's Motion for Summary Disposition (Doc. 57) will be denied.

---

[2] Local Rules of Civil Procedure, Rules of Practice of the United States District Court for the District of Arizona.

### B. *Partial Summary Judgment*

Defendant seeks partial summary judgment regarding its alleged liability for Plaintiff's motorcycle accident injuries. *See* Def.'s Mot. for Partial Summ. J. (Doc. 52). Defendant asserts that "[b]ecause Plaintiff has failed to timely disclose any medical expert (or treating physician) who can establish that Defendant's alleged conduct on April 11, 2011 proximately caused the alleged motorcycle accident of April 12, 2012 . . . Plaintiff cannot create a genuine dispute of material fact as to Defendant's liability for Plaintiff's motorcycle accident injuries." *Id.* at 5.

"If the burden of persuasion at trial would be on the *non-moving* party, the party moving for summary judgment may satisfy Rule 56's burden of production . . . [by] demonstrat[ing] to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986). "If the nonmoving party cannot must sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law." *Id.* (citations omitted).

This Court previously required Plaintiff's disclosure of expert testimony to establish a causal link between the battery and the motorcycle accident. Report & Recommendation 6/30/2015 (Doc. 22) at 10; Order 9/30/2015 (Doc. 38). Plaintiff failed to timely disclose such an expert and as a result cannot meet his burden at trial. Accordingly, Defendant is entitled to summary judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)

("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party").

## IV.   CONCLUSION

For the reasons discussed, *supra*, Defendant United States of America's Motion for Summary Disposition (Doc. 57) should be denied, and Defendant's Motion for Partial Summary Judgment on Plaintiff's Motorcycle Accident Claims (Doc. 52) granted.

## V.   RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

1)   DENYING Defendant United States of America's Motion for Summary Disposition (Doc. 57); and

2)   GRANTING Defendant United States of America's Motion for Partial Summary Judgment on Plaintiff's Motorcycle Accident Claims (Doc. 52);

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Judge.  If objections are filed, the parties should use the following case number: **CV-14-02090-TUC-DCB**.

1 | Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 31st day of May, 2016.

                                          *[signature]*
                                          Honorable Bruce G. Macdonald
                                          United States Magistrate Judge