# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Allen Hartman, | No. CV-14-02090-TUC-DCB (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| United States Customs and Border Protection, et al., | |
| Defendants. | |

Plaintiff's Second Amended Complaint asserts a battery claim based on the Federal Tort Claims Act (FTCA). "Plaintiff alleges that on April 11, 2011, he was physically injured during an encounter with federal agents from United States Customs and Border Protection (CBP) or United States Immigration and Customs Enforcement (ICE). Plaintiff alleges he suffered a severe head injury diagnosed as a post-concussive syndrome that resulted in episodes over the following year of passing out, hearing and sight problems, and forgetting things, and resulted in his passing out while riding his motorcycle on April 12, 2012." (Order (Doc. 38) at 1.)

This Court previously required the Plaintiff to disclose an expert who would attest to a causal link between the battery and the motorcycle accident. When he failed to produce such an expert, the Government filed a Motion for Partial Summary Judgment on its liability for Plaintiff's motorcycle accident injuries. Plaintiff failed to file a Response to the Motion for Partial Summary Judgment. On March 7, 2016, the Government filed a

motion asking this Court to rule summarily, pursuant to Local Rule 7.2(i), to grant the Motion for Partial Summary Judgment.

Under Rule 7.2(i) of this Court's Local Rules of Practice, a failure to file a responsive pleading may be deemed consent to the motion and this Court may dispose of the motion summarily. "A motion for summary judgment cannot be granted simply because the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995) (citing *Henry v. Gill Industries Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). This is so because a party may oppose a motion for summary judgment without offering affidavits or any other materials in support of its opposition. "'Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.'" *Id*. at 106 (quoting *Henry*, 983 F.2d at 950).

Here, the Court has reviewed the Second Amended Complaint and considered the merits of the Government's Motion for Partial Summary Judgment. As Magistrate Judge MacDonald noted in his Report and Recommendation (R&R), the Plaintiff will have the burden of persuasion at trial. The Government has challenged the sufficiency of his evidence to establish a causal connection between the alleged battery and the motorcycle accident. He has not responded. A trial would be useless as Plaintiff has no evidence to rebut the Government's assertion that he cannot establish this essential element for liability related to the motorcycle accident. The Government is entitled to partial summary judgment as a matter of law. (R&R (Doc. 69) at 6.)

The Plaintiff was also afforded an opportunity to object to the Magistrate Judge's recommendation that this Court grant the Government's Motion for Partial Summary Judgment. Plaintiff did not file an Objection. .Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been

made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

While there are no objections and review has, therefore, been waived, the Court nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). Here, the Court finds that the Magistrate Judge's recommendation to grant the Government partial summary judgment is thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court finds that the Government's motion for a summary ruling, pursuant to Rule 7.2(i), may be granted in respect to the motion for partial summary judgment on the question of the Government's liability for the motorcycle accident. The Court remands this case to the ALJ for further consideration.

**Accordingly**,

**IT IS ORDERED** that the Court adopts the Report and Recommendation (Doc. 69).

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Disposition of the Motion for Partial Summary Judgment, pursuant to Rule 7.2(i), (Doc. 57), is GRANTED.

1   **IT IS FURTHER ORDERED** that the Defendant's Motion for Partial Summary
2   Judgment (Dc. 52) is GRANTED.
3   **IT IS FURTHER ORDERED** that Plaintiff's battery claim remains pending and
4   the case remains referred to Magistrate Judge Bruce MacDonald.

Dated this 12th day of September, 2016.

_____
Honorable David C. Bury
United States District Judge